IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DESHAZO, | § | |
| (Inmate #122439) | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-2816 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER OF REMAND

Christopher Deshazo, an inmate at the Brazos County Detention Center, has filed a notice of removal, in which he seeks to remove the prosecution of pending state-court criminal charges. (Docket Entry No. 1). He is representing himself. A review of the pleadings and the applicable law leads this court to conclude that there is no jurisdictional basis for removal. As a result, the court dismisses the case and remands it to the state court.

In October 2017, Deshazo was indicted on charges of assault on a family or household member. The indictment alleged previous convictions and a violation of a protective order. *State of Texas v. Deshazo*, Cause Nos. 17-04479-CRF-272, 17-04480-CRF-272, 272nd District Court of Brazos County, Texas.[1] The charges are pending. On July 20, 2018, Deshazo filed the notice of removal to federal court, alleging that his continued detention is wrongful and that the State lacks

---

[1] The court takes judicial notice of information on the status of Deshazos's state-court proceedings from publicly available state-court records. *See* Website for Brazos County Judicial Records, available at https://justiceweb.brazoscountytx.gov (last visited on August 22, 2018).

evidence against him. He requests "summary removal" of the state-court prosecution and a prompt evidentiary hearing in federal court.

The procedure for removal of a criminal proceeding is governed by 28 U.S.C. § 1455. There are limited circumstances in which a state criminal proceeding may be removed to federal court. *See* 28 U.S.C. §§ 1442, 1442a, 1443 (authorizing removal in criminal prosecutions against federal officers, members of the armed services, and where the defendant shows that he has been denied rights arising under federal law because of his race). Deshazo fails to allege, let alone demonstrate, any statutory basis for removal jurisdiction. The allegations make clear that removal is improper. No evidentiary hearing is required or appropriate, and Deshazo's request for an evidentiary hearing is denied.

This case is remanded to the 272nd District Court for Brazos County, Texas.

SIGNED on August 22, 2108, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge